Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ANDREW RUNNING CRANE, individually, and as Personal Representative of the Estate of Michael Running Crane,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) **COMPLAINT**  CV-21-86-GF-BMM-JTJ |

Plaintiff alleges as follows:

1.      Plaintiff Andrew Running Crane is a surviving brother of Michael Running

Crane. Andrew Running Crane is the duly appointed, qualified, and acting

personal representative of the Estate of Michael Running Crane. Andrew

Running Crane is a citizen of the State of Montana and a resident of Glacier

County, Montana.

2.   Andrew Running Crane brings this action on behalf of himself, on behalf of
     the Estate of Michael Running Crane, and on behalf of the heirs of the
     Estate of Michael Running Crane, all of whom have sustained lawful
     damages as a result of Michael Running Crane's injuries and death.

3.   This Court has jurisdiction over this cause of action pursuant to the Federal
     Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from
     conduct of federal government agents and Plaintiff has exhausted
     administrative remedies.

4.   This Court has exclusive jurisdiction over tort claims brought against the
     United States pursuant to 28 U.S.C. § 1346(b).

5.   Plaintiff filed Federal Tort Claim Act claims on January 21, 2021, and the
     Department of Health and Human Services received the claims on January
     26, 2021. The government has not acted on the claims, therefore Plaintiff's
     claims are now ripe for adjudication.

6.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

7.   On November 6, 2019, Michael Running Crane presented to the IHS
     Blackfeet Community Hospital complaining of pain in his chest due to

trauma.  IHS health care providers sent him home without diagnosing his injuries, providing relief from his symptoms, or referring him out for specialized care.

8.    Michael Running Crane returned to the IHS Blackfeet Community Hospital on November 14, 2021, complaining of continued pain in his chest. He died at the IHS Blackfeet Community Hospital on November 14, 2021.

9.    Health care providers at the IHS Blackfeet Community Hospital violated the standard of care beginning on November 6, 2019, when they failed to diagnose and treat Michael Running Cranes's medical condition.

10.   IHS health care providers were negligent and violated the standard of care in failing to properly assess and properly treat Michael Running Crane's condition upon his presentations to the IHS in November of 2019.

11.   IHS health care providers were negligent and violated the standard of care in failing to properly assess and refer Michael Running Crane to other medical care providers upon his presentations to the IHS in November 2019.

12.   The IHS Blackfeet Community Hospital violated the standard of care by not being adequately prepared and equipped to treat patients who present

with chest pains as a result of trauma.

13.     As a direct and proximate result of each of the acts and omissions of the

IHS and IHS health care providers alleged in this Complaint, Michael

Running Crane's condition deteriorated and he suffered severe injuries,

resulting in his death.

14.     Plaintiff should receive lawful damages under Montana's survival statute,

MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

A.     For the wrongful death of Michael Running Crane and the loss of

economic and family support, companionship, affection, society,

consortium, comfort, and services he provided to his family;

B.     For Michael Running Crane's mental anguish, pain, and suffering

before he died;

C.     For Michael Running Crane's funeral and burial costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1.     For judgment in such amounts as shall be proven at the time of trial.

2.     For an award of attorney's fees and costs as provided by any

applicable provision of law.

3.     For such other and further relief as the Court deems just and

equitable.

DATED this 27th day of July, 2021.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC