IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANDREW RUNNING CRANE, individually and as Personal Representative of the Estate of Michael Running Crane,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, JOSE ORTIZ, RICHARD FOUTCH, and AB STAFFING SOLUTIONS, LLC,<br><br>                Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>                Cross-Claimant,<br><br>v.<br><br>AB STAFFING SOLUTIONS, LLC,<br><br>                Cross-Defendant. | CV-21-86-GF-BMM<br><br>ORDER |

## INTRODUCTION

Defendants United States of America ("the Government"), Dr. Jose Ortiz ("Ortiz"), Dr. Richard Foutch ("Foutch"), and AB Staffing Solutions, L.L.C. ("AB

Staffing") have filed two Motions to Dismiss for Lack of Jurisdiction. (Doc. 15; Doc. 28.) Plaintiff Andrew Running Crane opposes the Motions. (Doc. 18; Doc. 30.) This Order refers collectively to the Government, AB Staffing, Ortiz, and Foutch as "Defendants" where appropriate.

Defendants seek dismissal on the basis that the statute of limitations and administrative exhaustion requirements deprive the Court of subject matter jurisdiction, or, in the alternative, that Plaintiffs have failed to allege a claim upon which relief can be granted. (Doc. 16.) The Court conducted a hearing on August 25, 2022. The Government filed a supplemental brief regarding Running Crane's equitable estoppel claim on September 8, 2022. (Doc. 41.)

## FACTUAL AND LEGAL BACKGROUND

Michael Running Crane ("Michael") presented to the Indian Health Services ("IHS") Blackfeet Community Hospital ("BCH") on November 6, 2019, complaining of chest pains. (Doc. 18 at 2.) Ortiz and Foutch allegedly sent Michael home without diagnosing his injuries, providing relief for symptoms, or referring him out for specialized care. (*Id.*) Michael returned to BCH on November 14, 2019, complaining of continued pain in his chest. (*Id.*) Michael died at the hospital that same day, allegedly due to a cut in his aorta that IHS providers failed to diagnose or treat. (Doc. 7 at 2.)

Michael's brother, Andrew Running Crane ("Running Crane"), filed this action against the United States on July 27, 2021. (Doc. 1.) Running Crane brought this suit on behalf of himself, his brother's estate, and his brother's heirs. Running Crane filed a Federal Tort Claim Act ("FTCA") claim with the Department of Health and Human Services ("DHHS") on January 21, 2021, before bringing suit in federal court. (Doc. 18 at 2.) The Government answered Running Crane's Complaint and asserted an affirmative defense that it was not liable for nongovernmental actors. (Doc. 2 at 3–4.)

Running Crane filed his Preliminary Pretrial Statement on November 2, 2021. (Doc. 7.) The Government stated for the first time on November 22, 2021, in its Preliminary Pretrial Statement, that Foutch and Ortiz were not governmental actors. (Doc. 10 at 2.) Running Crane filed an Amended Complaint the next day, on November 23, 2021. (Doc. 11.) The Amended Complaint added AB Staffing, Ortiz, and Foutch as Defendants. (*Id.*) AB Staffing, Ortiz, and Foutch now move to dismiss on the basis that Running Crane's claims against them are time-barred and that Running Crane failed to exhaust his administrative remedies. (Doc. 16; Doc. 28.)

## LEGAL STANDARDS

Defendants first move to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party invoking federal court jurisdiction bears the burden of

proving the existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if the court later dismisses on the merits. *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 570 (9th Cir. 2004).

Defendants also move to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that appears plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim possesses facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant stands liable for the misconduct alleged. *Id.*

## DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction over Running Crane's claim against them based on the following grounds: (1) the Government's sovereign immunity; (2) the expiration of the two-year statute of limitations for Montana Medical Legal Panel Act ("MMLPA") claims; and (3) Running Crane's failure to satisfy the MMLPA's administrative exhaustion requirements.

## I. Whether sovereign immunity applies.

"Federal courts lack subject matter jurisdiction over a claim against the United States absent a waiver of sovereign immunity by the United States." *Mitrano v. United States*, No. CV-16-13-GF-BMM, 2017 WL 499905, at *1 (D. Mont. Feb. 7, 2017) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This waiver must be expressed unequivocally. *McNabb v. U.S. Dep't of the Army*, 623 F. App'x 870, 872 (9th Cir. 2015). The FTCA contains a limited waiver of sovereign immunity for claims arising from injuries allegedly "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

This FTCA immunity waiver excludes independent contractors. The statutory definition of "employee of the government" includes "officers or employees of any federal agency." 28 U.S.C. § 2671. The term "federal agency" excludes "any contractor with the United States." *Id.* "Courts have construed the independent contractor exception to protect the United States from vicarious liability for the negligent acts of its independent contractors." *Sisto v. United States*, 8 F.4th 820, 824 (9th Cir. 2021) (citation omitted). Contract physicians qualify as independent contractors rather than federal government employees for

FTCA claim purposes. *Carrillo v. United States*, 5 F.3d 1302, 1304–05 (9th Cir. 1993).

The Government argues that sovereign immunity bars Running Crane's claims against it. (Doc. 41 at 10–11.) Ortiz and Foutch worked during the relevant time period as contract employees for IHS through Defendant AB Staffing. (Doc. 11 at 3.) The Court agrees that the FTCA's immunity waiver does not extend to claims against the Government arising from the conduct of Ortiz and Foutch in light of their status as contract physicians. 28 U.S.C. § 2671; *Carrillo*, 5 F.3d at 1304–05. Sovereign immunity thereby bars Running Crane's claims against the Government arising from the acts or omissions of Ortiz and Foutch. *Sisto*, 8 F.4th at 824.

## II. Whether equitable tolling applies to Running Crane's claims against AB Staffing, Ortiz, and Foutch.

The MMLPA prohibits plaintiffs from filing a medical malpractice claim against a health care provider in any court before first filing an administrative claim with the Montana Medical Legal Panel ("MMLP"). Mont. Code Ann. § 27-6-701s. A plaintiff may seek judicial review only after the MMLP renders its decision. *Id.* Montana law requires a plaintiff to file a claim with the MMLP within two years after the date of injury or after a plaintiff discovers or should have discovered the injury. *Id.* § 27-2-205. The MMLPA does not apply, however, to

6

any claim against a full-time health care provider employed by a federal agency. *Id.* § 27-6-103(a)(ii).

Defendants assert that the two-year statute of limitations for filing an administrative claim with the MMLP expired on November 14, 2021, and, therefore, bars Running Crane's claims against AB Staffing, Ortiz, and Foutch. (Doc. 16 at 6–8; Doc. 32 at 3–6.) Running Crane counters that he timely filed an FTCA claim within the two-year statute of limitations. (Doc. 18 at 2–3.) Running Crane argues that he reasonably believed that Ortiz and Foutch worked as federal government employees based on their employment during the relevant time period at BCH, a federal governmental entity. (*Id.* at 5.) Running Crane contends that he pursued a good-faith FTCA claim under the reasonable belief that the FTCA—and not the MMLPA—applied to Ortiz and Foutch. (*Id.* at 6.) Running Crane asks the Court to apply equitable tolling of the MMLPA's two-year statute of limitations. (*Id.*)

Montana law tolls the statute of limitations for claims for "injury to person or property" until the discovery of facts material to the claim or until the facts should have been discovered through "due diligence." Mont. Code Ann. § 27-2-102(3). This "discovery doctrine" provision applies in the following two scenarios: (1) where "the facts constituting the claim are by their nature concealed or self-concealing," or (2) where the defendant has "taken action which prevents the

injured party from discovering the injury or its cause" before, during, or after the act causing the injury. *Id.* § 27-2-102(3)(a)–(b).

The Montana Supreme Court "began using the discovery doctrine to toll the statute of limitations long before" the passage of Section 27-3-102(3). *Schull v. Md. Cas. Co.*, No. CV-17-76-H-CCL, 2019 WL 1317459, at *3 (D. Mont. Mar. 22, 2019) (citing *Wilson v. Brandt*, 406 P.3d 452, 456 (Mont. 2017)). Equitable considerations undergird the application of the discovery doctrine. Equitable tolling allows courts to balance "giving full scope to the statute of limitations on the one hand and according a reasonable measure of justice to the plaintiff on the other." *Wilson*, 406 P.3d at 456 (quoting *Grey v. Silver Bow Cnty.*, 425 P.2d 819, 821 (Mont. 1967)) (internal quotation marks omitted). The common-law doctrine of equitable tolling serves to "avoid forfeitures and allow good faith litigants their day in court." *Brilz v. Metro. Gen. Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012) (quoting *Addison v. State,* 578 P.2d 941, 945 (Cal. 1978)) (internal quotation marks omitted). "A plaintiff should not be deprived" of a remedy "'when such an approach would serve no policy purpose.'" *Schoof v. Nesbit*, 316 P.3d 831, 839 (Mont. 2014) (quoting *Weidow v. Uninsured Emps.' Fund*, 246 P.3d 704, 709 (Mont. 2010)).

For equitable tolling to apply, a plaintiff "must first show a reasonable good faith pursuit of one of several possible remedies." *Lozeau v. Geico Indem. Co.*, 207

P.3d 316, 319 (Mont. 2009). *Lozeau* presented a three-part test to guide a court's equitable tolling analysis. *Id.* First, a defendant should have been "notified timely within the statute of limitations by the filing of the first claim." Second, the second claim should not prejudice a "defendant's ability to gather evidence for [its] defense." *Id.* Third, a plaintiff should have filed the second claim "reasonably and in good faith." *Id.* Montana state courts have rejected a mechanical application of *Lozeau*'s equitable tolling test. *BNSF Ry. Co. v. Cringle*, 281 P.3d 203, 207 (Mont. 2012) ("*Cringle II*") (citing *Weidow*, 246 P.3d at 709).

The Montana Supreme Court repeatedly has "reject[ed] any one-size-fits-all approach that would serve only to undermine the purpose of the equitable tolling doctrine" and "deprive a plaintiff of his or her rights." *Cringle II*, 281 P.3d at 207 (quoting *Weidow*, 246 P.3d at 709 (citing *Burnett v. N.Y.C. R.R. Co.*, 380 U.S. 424, 433–34 (1965))) (internal quotation marks omitted). *Weidow* concerned a workers' compensation claimant's untimely appeal of an agency's denial of benefits. 246 P.3d at 709. The Montana Supreme Court applied equitable tolling to uphold the award of benefits due to the fact that the claimant had pursued his claims in good faith and "justifiably did not understand" the statutory provision governing the appeal period. *Id.* at 709–10.

*Schoof* similarly noted that the *Lozeau* test "still presents a viable framework for resolving tolling issues where alternative legal remedies exist." *Schoof*, 316

9

P.3d at 841. *Schoof* declined to adhere to the *Lozeau* test where the plaintiff possessed no alternative remedy. *Id. Schoof* involved a suit by a Custer County resident against his county commissioners. *Id.* at 833. The plaintiff challenged the commissioners' decision to hold a closed-door meeting during which they made policy decisions. *Id.* Neither the plaintiff nor the public had notice of the decision until the deputy county attorney disclosed it during a public meeting that took place over four years later. *Id.*

*Schoof* applied equitable tolling where a plaintiff faced substantial prejudice due to "a defendant's concealment of a claim, despite the [plaintiff's] exercise of diligence." *Id.* at 840. A defendant's conduct need not have "rise[n] to the level of fraud" nor "even [have] be[en] intentional." *Id.* (citing *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d, 318 323 (2d Cir. 2004)). "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri*, 393 F.3d at 323 (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (Posner, J.)).

Equitable tolling requires that a plaintiff have made a good faith, reasonable effort to pursue their legal rights. *Id.* at 840; *Cringle II*, 281 P.3d at 207 (citing *Puhto v. Smith Funeral Chapels, Inc.*, 264 P.3d 1142, 1145 (Mont. 2010)). A

10

party's "*bona fide* attempt" to commence an action satisfies the good faith requirement. *Brilz v. Metro. Gen. Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012) (quoting *Clark v. Or. Short Line R.R. Co.*, 99 P. 298, 300, 301–02 (Mont. 1909)). *Clark* concluded that the plaintiff had made a "*bona fide* attempt" to pursue her legal rights where she had filed a complaint, even though the complaint failed to state a viable cause of action. 99 P. at 298, 300, 301–02.

Inaction generally evinces a lack of good faith. *Cringle II* involved a railroad's untimely appeal of a Montana Human Rights Bureau decision. 281 P.3d at 205. *Cringle II* declined to apply equitable tolling where the railroad had participated in contested case proceedings and had been represented by "experienced legal counsel" versed in the Montana Human Rights Act. *Id.* at 208. The railroad "reasonably knew or should have known" of the appeals deadline. *Id. Brilz* rejected equitable tolling where a plaintiff had failed to amend her complaint following dismissal for lack of jurisdiction and had neglected to file a second claim until after the statute of limitations had expired. 285 P.3d at 499. *Puhto* similarly denied relief due to the plaintiff's "inattention," "careless conduct," and failure to show "active and diligent" pursuit of his case. 264 P.3d at 1145.

*Lozeau*, by contrast, applied equitable tolling to allow the plaintiff to proceed with her state court claim in circumstances relevant to Running Crane's claims. 207 P.3d at 320. The plaintiff in *Lozeau*, a non-tribal member who lived on

the reservation, had been involved in a vehicle collision with a tribal member. 207 P.3d at 317–18. The collision took place within the external boundaries of the Confederated Salish and Kootenai Tribes of the Flathead Reservation. *Id.* The plaintiff initially filed a personal injury claim in tribal court. *Id.* at 317.

The defendant's insurer moved to dismiss for lack of tribal court jurisdiction. *Id.* at 18. The plaintiff responded by filing a complaint in state court that missed the three-year statute of limitations by about six weeks. *Id. Lozeau* recognized "that the issue of state and tribal jurisdiction can present a procedural quandary for litigants." *Id.* at 320. The Montana Supreme Court concluded that the plaintiff had "reasonably pursued" her tribal court claim and had acted "in good faith." *Id. Lozeau* applied equitable tolling to allow the plaintiff to proceed with her state court claim. *Id.*

The Montana Supreme Court has applied equitable tolling in other circumstances where a plaintiff narrowly missed a statute of limitations. The plaintiff in *Weidow* filed her second case nine days after the expiration of the applicable statute of limitations. 246 P.3d at 709. Equitable tolling still may properly apply, however, in circumstances where years have passed between the limitations period and a plaintiff's suit. *Schoof* applied equitable tolling even though four years had elapsed between the thirty-day statute of limitations and the plaintiff's suit. 316 P.3d at 839–40.

The defendant in a plaintiff's first claim "generally" should be the same one named in the second to ensure adequate notice. *Collier v. City of Pasadena*, 191 Cal. Rptr. 681, 685 (Ct. App. 1983) (citing *Tu-Vu Drive-In Corp. v. Davies,* 426 P.2d 505, 506 (Cal. 1967)). Courts nevertheless have applied equitable tolling in circumstances where a plaintiff did not name the defendant in the first claim. The plaintiff in *Tu-Vu Drive-In* operated a drive-in movie theatre. 426 P.2d at 505. The defendant wrongfully executed a levy on the plaintiff's property. *Id.* at 505–06. The plaintiff secured release of its property through a third-party claim and subsequently filed a damages action against the defendant. *Id.* at 506. *Tu-Vu Drive-In* determined the plaintiff's third-party claim tolled the statute of limitations against the defendant, even though the defendant had not been named in that claim. *Id.*

Running Crane's brother, Michael, died at BCH on November 14, 2019. (Doc. 18 at 2.) Running Crane timely filed an FTCA claim with DHHS against the Government on behalf of his brother's estate on January 21, 2021. (Doc. 18 at 2.) This filing fell comfortably within the two-year statutes of limitations imposed by both the FMLA and the MMLPA. 28 U.S.C. § 2401(b); Mont. Code Ann. § 27-2-205.

DHHS responded to Running Crane's FTCA claim seven weeks later, on March 11, 2021, when it requested additional evidence. (Doc. 19-1.) Running

Crane alleges that he promptly responded to DHHS's request but did not receive any further response from the agency. (Doc. 18 at 2–3.) Running Crane filed this action on July 27, 2021. (Doc. 1.) DHHS issued a denial of Running Crane's FTCA claim on August 4, 2021. (Doc. 19-2.) DHHS's determination letter offers only two sentences of explanation for the agency's denial. (*Id.*) The determination letter states that Running Crane filed a federal-court complaint and that "[a]ccordingly, the above-captioned administrative claim is denied." (*Id.*)

Running Crane alleges that he brought his initial suit against the Government under the belief that the medical personnel at BCH were federal employees. (Doc. 18 at 5.) The IHS is a federal agency. 25 U.S.C. § 1601, *et seq.* The IHS operates BCH. *Blackfeet Service Unit*, INDIAN HEALTH SERV., https://www.ihs.gov/billings/healthcarefacilities/blackfeet/ (last visited October 4, 2022). The Montana Hospital Association website lists BCH as a "Government Healthcare Facility." *Blackfeet Community Hospital,* MONT. HOSP. ASSOC., https://mtha.org/member/blackfeet-community-hospital/ (last visited October 4, 2022).

DHHS's determination letter makes no mention of the employment status of Ortiz or Foutch. (Doc. 19-2.) The determination letter states instead that Running Crane was "entitled to file suit against the United States in the appropriate federal district court within six months." (*Id.*) Defendants now urge the Court to bar

Running Crane's claims against AB Staffing, Ortiz, and Foutch. (Doc. 16; Doc. 32; Doc. 41.) Sovereign immunity protects the Government from suit, as discussed above. To bar Running Crane's claims against the remaining defendants would leave Running Crane without a remedy.

Equitable considerations militate against this outcome. "Equity ensures just results in exceptional circumstances." *Cringle II*, 281 P.3d 203, 208 (Morris, J., specially concurring) (citation omitted). As in *Lozeau* and *Weidow*, Running Crane has made a good faith effort to pursue his legal rights. *Lozeau*, 207 P.3d at 320; *Weidow*, 246 P.3d at 709. The FTCA carveout for federal-government contractors presents a "procedural quandary" similar to the tribal court jurisdictional issue in *Lozeau*. 207 P.3d at 320. Running Crane filed both an FTCA claim and a federal court complaint within the applicable statutes of limitations, under the belief that the FTCA applied to Ortiz and Foutch, as employees of BCH. 28 U.S.C. § 2401(b); Mont. Code Ann. § 27-2-205. Based on these circumstances, the Court finds reasonable Running Crane's belief that the BCH personnel allegedly responsible for Michael's death were federal employees covered by the FTCA. *Schoof*, 316 P.3d at 841.

Running Crane did not learn that Ortiz and Fouch were contractors rather than federal employees until the Government disclosed this information in its Preliminary Pretrial Statement on November 22, 2021. (Doc. 18 at 3 (citing Doc.

15

10-2).) The MMLPA's two-year limitations period had expired eight days earlier. (Doc. 16 at 10.) Running Crane filed an Amended Complaint the following day that added AB Staffing, Ortiz, and Foutch. (Doc. 11.) The Montana Supreme Court has applied equitable tolling in circumstances of minor delay as well as much longer delay. *Compare Weidow*, 246 P.3d at 709 (limitations period exceeded by nine days), *with Schoof*, 316 P.3d at 833 (limitations period exceeded by four years). The short time period between the expiration of the MMLPA limitations period and Running Crane's addition of AB Staffing, Ortiz, and Foutch as defendants supports the application of equitable tolling. *Weidow*, 246 P.3d at 709.

    A plaintiff seeking equitable tolling "generally" should have named a defendant in the plaintiff's first claim. *Collier*, 191 Cal. Rptr. at 685. The Montana Supreme Court has emphasized, however, that courts should avoid a "one-size-fits-all" approach to equitable tolling where it would preclude relief and thereby undermine the doctrine's purpose. *Schoof*, 316 P.3d at 841; *Weidow*, 246 P.3d at 709. AB Staffing, Ortiz, and Foutch have not demonstrated prejudice resulting from the nine-day delay between the limitation statute's end and Running Crane's filing of the Amended Complaint (Doc. 11) naming them as defendants that would support the rejection of applicable tolling. (Doc. 16; Doc. 32.)

    A "reasonable plaintiff" in Running Crane's position would not have been aware of the existence of an MMLPA cause of action. *Schoof*, 316 P.3d at 841

(citing *Veltri*, 393 F.3d at 323). Strict adherence to the statute of limitations would deprive Running Crane of his rights and would serve no policy purpose. *Weidow*, 246 P.3d at 709 (citing *Burnett*, 380 U.S. at 433–34). The equities thereby "favor application" of equitable tolling to Running Crane's claims against AB Staffing, Ortiz, and Foutch. *Lozeau*, 207 P.3d at 320.

**III.     Whether Running Crane has exhausted his administrative remedies.**

The MMLPA requires plaintiffs to file an administrative complaint and obtain a decision from the MMLP before initiating a lawsuit in federal court. Mont. Code Ann. § 27-6-701. The parties do not dispute that the MMLPA's exhaustion requirements apply to Running Crane's claims against Ortiz and Foutch. (Doc. 16 at 11–13; Doc. 18 at 6; Doc. 32 at 3–6.) Running Crane acknowledges his failure to file a complaint with the MMLP. (Doc. 18 at 12.) AB Staffing, Ortiz, and Foutch argue that Running Crane's failure to abide by the requirements of Mont. Code Ann. § 27-6-701 deprives this Court of subject matter jurisdiction. (Doc. 16 at 12–13; Doc. 32 at 3.) Running Crane asks the Court to stay his federal court case until he can exhaust his claims before the MMLP, rather than dismissing the case outright. (*Id.*)

For the reasons detailed above, staying this case to allow Running Crane to satisfy the MMLPA's statutory exhaustion requirements proves appropriate.

### III. Whether equitable estoppel applies.

Running Crane asks this Court to apply equitable estoppel to block the Government from arguing that the Government bear no responsibility for Foutch and Ortiz's actions as non-federal actors. (Doc. 18 at 9.) Running Crane alleges that the Government's actions resulted in Running Crane's failure to bring suit against AB Staffing, Foutch, and Ortiz within the statute of limitations. According to Running Crane, the Government should bear the consequences of depriving Running Crane of his other available remedies. (*Id.*)

The Court declines to address whether equitable estoppel applies, in light of the Court's decision to apply equitable tolling to Running Crane's claim and deny Defendants' Motions to Dismiss.

### ORDER

Accordingly, **IT IS ORDERED** that Defendants' Motions to Dismiss (Doc. 15 and Doc. 28) are **DENIED.** Running Crane's case is **STAYED** pending exhaustion of his claims before the MMLP.

Dated this 5th day of October, 2022.

Brian Morris, Chief District Judge
United States District Court